IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES EDWARD HILL,

                Plaintiff,                        ORDER

     v.                                         13-cv-767-wmc

DR. HUIBREGTSE, LAURIE DOEHLING,
NANCY HANISH, BONNY ZUELKE,
STEPHEN RANDALL, SHARON MOERCHEN,
NURSE KELY, NURSE KUNESH,
NURSE SAWALL, WARDEN MICHAEL A. DITTMAN,
CANDACE WARNER and TONI JOHNSON,

                Defendants.

---

Plaintiff Charles Hill, a prisoner incarcerated in the Wisconsin Department of Corrections at the New Lisbon Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this case. (Dkt. # 2). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status for reasons set forth briefly below.

Because plaintiff is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing

fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

From plaintiff's trust fund account statement, 20% of the average monthly deposits to plaintiff's account is $7.26, but 20% of the average monthly balance is $132.75. Because the greater of the two amounts is 20% of the average monthly balance, or $132.75, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before November 27, 2013.

If plaintiff does not have the money to make the initial partial fee payment in his regular account, he must arrange for prison officials to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $0.20 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiff Charles Hill for leave to proceed without prepayment of fees (Dkt. # 2) is GRANTED.

2. Plaintiff is assessed $132.75 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $132.75 on or before November 27, 2013. **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

3. No further action will be taken in this case until the court receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue as soon as practicable depending on the demands of this court's docket.

Entered this 8th day of November, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

3