IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES EDWARD HILL,

                Plaintiff,

v.

DR. HUIBREGTSE, LAURIE DOEHLING,
NANCY HANISH, BONNY ZUELKE,
STEPHAN RANDALL, SHARON MOERCHEN,
NURSE KELLY, NURSE KUNESH, NURSE
SAWALL, MICHAEL A. DITTMAN, CANDACE
WARNER, and TONI JOHNSON,

                Defendants.

OPINION AND ORDER

13-cv-767-wmc

---

Plaintiff Charles Edward Hill is an inmate in the Wisconsin Department of Corrections brings a civil action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference on the part of defendants in their treatment of his chronic pain. He has requested leave to proceed *in forma pauperis*, and he has paid an initial partial filing fee.

Because plaintiff is a prisoner, the court would typically screen Hill's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b), at this stage in the proceeding. Hill, however, represents in his statement of the claim that he is "refiling case No. 10-00806-WMC because [it] was dismissed for failure to exhaust my administrative remedies." (Compl. (dkt. #1) 3.) *See also Hill v. Huibregtse*, No. 10-cv-806 (W.D. Wis. Mar. 14, 2013) (granting defendant's motion for summary judgment for failure to exhaust). A review of the complaint submitted in this case confirms that it is the exact same complaint submitted in No. 10-cv-806.

Hill represents that he has now "filed numerous offender complaints." (Compl. (dkt. #1) 3-4.) Hill, however, stops short of stating that he has exhausted his claims. While exhaustion typically is not addressed at the screening step, given Hill's failure to exhaust the exact claim previously and the court's general skepticism that the DOC would accept an untimely offender complaint, the court will require Hill to submit evidence showing that he exhausted his proposed Eighth Amendment claim before granting him leave to proceed. *See Pozo v. McCaughtry*, 286 F.2d 1022, 1024 (7th Cir. 2002) ("Failure to do what the state requires, bars, and does not postpone, suit under § 1983.").

ORDER

IT IS ORDERED that:

1) Plaintiff Charles Edward Hill's request for leave to proceed is DENIED AT THIS TIME; and

2) Plaintiff may have until April 25, 2014, to submit evidence demonstrating that he exhausted his administrative remedies in compliance with prison procedures. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute. If plaintiff submits a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915A.

Entered this 4th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge